UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CAZ KILBURN, | § § § | |
| Plaintiff, | § | |
| vs. | § § | C.A. NO. 5:17-CV-00861 |
| DISTRIBUTION SOLUTIONS, LLC, J3 OIL and GAS, INC., JAMIE JOHNSON, JIM BIZZIERI, JERRY JOYCE and UNITEDHEALTHCARE, | § § § § | |
| Defendants. | | |

## NOTICE OF REMOVAL

Defendant UnitedHealthcare,[1] for the purpose only of removing this cause to the United States District Court for the Western District of Texas, San Antonio Division, states:

1. **State Court Action.** This is an action filed by Plaintiff on July 31, 2017 in the 57th District Court of Bexar County, Texas, being numbered Cause No. 2017CI13864 on the docket of said court and essentially being a suit by Plaintiff alleging civil conspiracy, common law fraud, fraud by nondisclosure, breach of fiduciary duty, and promissory estoppel against Defendants Distribution Solutions, LLC, J3 Oil and Gas, Inc., Jamie Johnson, Jim Bizzieri, Jerry Joyce, and UnitedHealthcare regarding a denial of insurance coverage and benefits.

2. **Preemption by Federal Law.** As a matter of law, some or all of Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, which is a law of the United States. *See Aetna*

---

[1] The correct legal entity name is UnitedHealthcare Insurance Company.

**NOTICE OF REMOVAL**    PAGE 1

*Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); *McDonald v. Household Intern., Inc.*, 425 F.3d 424 (7th Cir. 2005).

    3.    **Original Jurisdiction.** This action is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 29 U.S.C. § 1132 on the basis of a federal question.  Specifically, among other things, Plaintiff seeks to recover benefits under an ERISA-governed employee benefit plan. Defendant UnitedHealthcare (correctly named UnitedHealthcare Insurance Company) issued group insurance coverage (the "Group Policy") to Defendant J3 Oil and Gas, Inc. (the "Employer"), effective January 1, 2015. [*See* Declaration attached as Exhibit 1.] The Group Policy is governed by ERISA. [*See* Declaration Ex. A. p. 11.] As set forth in the Group Policy, some of the administrative responsibilities of the Employer includes enrollment and coverage classifications, furnishing to United information and proofs reasonably required with regard to matters pertaining to the Group Policy, satisfying minimum participation requirements of the Group Policy, and determining waiting periods for coverage [s*ee* Declaration Ex. A, pp. 7, 9, 11-12].  The Employer also has the authority to terminate coverage under the Group Policy. [*See* Declaration Ex. A, p. 5.] The plan of the Employer is exclusively maintainable under 29 U.S.C. § 1132. First, ERISA governs the plan because the Group Policy and certificates of insurance thereunder set forth the procedure for eligible participants to obtain benefits, subject to the terms and limitations thereof, and is an employer-sponsored employee welfare benefit plan. *See Hansen v. Cont'l Ins. Co.,* 940 F.2d 971, 976-78 (5th Cir. 1991); *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 743 (S.D. Tex. 2003). Second, the

Petition alleges Plaintiff was wrongfully denied medical insurance coverage. [Petition, ¶¶ 13, 15, 21(c).] This claim, of course, depends on the terms of the insurance coverage and eligibility therefore and is completely preempted, as a matter of law, by ERISA, as 29 U.S.C. § 1132 governs actions under ERISA and provides the exclusive remedy for actions under an ERISA-regulated plan. *See Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc., et al.*, 164 F.3d 952, 955 (5th Cir. 1999) (claims that are "dependent and denied from rights of plan beneficiaries," such as bad faith claims processing or delays, are preempted); *Menchaca v. CNA Group Life Assur. Co.*, No. H-07-0825, 2008 U.S. Dist. LEXIS 63415, 41-42 (S.D. Tex. Aug. 15, 2008) ("the court concludes that any state law claims that plaintiff may be attempting to assert for bad faith or delay in processing his claim, and/or for consequential or exemplary damages are preempted by ERISA"). Consequently, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 1132. Venue is proper under 28 U.S.C. § 1441(a) because this District and Division encompass the place where the removed action was pending.

4. **Consent by Co-Defendants.**  The Co-Defendants have consented to the removal of this case to federal court. [*See* Exhibits 2 and 3 attached hereto.]

5. **State Court Documents Attached.**  Defendant UnitedHealthcare was served with process on August 9, 2017. This removal is timely under 28 U.S.C. § 1446(b). Filed simultaneously herewith as Exhibit 4 is an Index of State Court Documents.

6. **Notice.** Defendant will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

7. **Prayer.** Wherefore, Defendant prays that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal, that it assume jurisdiction of this cause, that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and that it grant such other and further relief as may be necessary.

Dated: September 6, 2017.    Respectfully submitted,

By: /s/ Andrew G. Jubinsky
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Charles M. Gearing
    Texas Bar No. 24069774
    charles.gearing@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
UNITEDHEALTHCARE

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the foregoing document has been served via certified mail on the parties listed below on the 6th day of September, 2017.

Dennis Richard
dennis.richard@kennardlaw.com
Kennard Richard, PC
100 N.E. Loop 410, Suite 610
San Antonio, Texas 78216
(210) 314-5688 (Telephone)
(210) 314-5687 (Fax)
*Attorney for Plaintiff*

Melissa Morales Fletcher
Melissa@themoralesfirm.com
Lawrence Morales II
Lawrence@themoralesfirm.com
The Morales Firm, P.C.
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone: (210) 225-0811
Facsimile: (210) 225-0821
*Attorneys for Defendant J3 Oil and Gas, Inc., Jim Bizzieri and Jerry Joyce*

Ian M. McLin
ianmclin@dpolaw.com
Daniel P. O'Connor
doconnor@dpolaw.com
O'Connor | McLin, P.C.
630 Broadway
San Antonio, Texas 78215
(210) 892-6224 Telephone
(210) 271-1540 Facsimile
*Attorneys for Defendants Distribution Solutions, LLC and Jamie Johnson*

        /s/ Andrew G. Jubinsky
        Andrew G. Jubinsky